UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Jamie Davis,

          Plaintiff

v.

Diversified Consultants, Inc., and
DOES 1-10, inclusive,

          Defendants

Civil Action No. 1:13-cv-10875-FDS

**MOTION OF DIVERSIFIED CONSULTANTS, INC.
FOR STAY OF SUMMARY JUDGMENT AND TRIAL DATES**

      The Defendant Diversified Consultants, Inc. ("DCI") moves for an order staying: (1) the date by which summary judgment motions must be filed; and (2) the date of any trial in this action, pending the issuance by the Federal Communications Commission of a potentially dispositive order/ruling as to the operation of the Telephone Consumer Protection Act ("TCPA").  In support of this Motion, DCI states as follows:

      1.      The plaintiff alleges here that DCI violated the TCPA by making calls to the plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") as defined by the TCPA.  DCI asserts that its dialing system is not an ATDS, and that it has not violated the TCPA.

      2.      The decisional law around the country regarding the operation of the TCPA and precisely what constitutes an ATDS within the meaning of the TCPA is developing and unsettled.  At least one court already has indicated that DCI's phone system is <u>not</u> an ATDS.  <u>See</u> <u>O'Connor v. Diversified Consultants, Inc.</u> 4:1-CV-01722-RWS (E.D. Mo. May, 28, 2013).  However, the issue is open in most jurisdictions and has not been resolved by the First Circuit.

3.     Congress has delegated authority to the FCC to interpret the TCPA, and the FCC has before it petitions requesting that it interpret and clarify the TCPA.  That review process is underway.  See generally Hurrle v. Real Time Resolutions, Inc., 2014 W.L. 670639 (W.D. Wash. 2014).

4.     The FCC likely will respond to these petitions shortly.  Its response will address questions that are central to this case and may well conclusively answer them, such that neither dispositive motions nor trial will even be necessary.  Relying on the primary jurisdiction doctrine, at least one court already has stayed a TCPA suit while the FCC's decision is pending.  See id.  This Court should do the same.  See Narragansett Electric Co. v. United States Environ. Prot. Agency, 407 F. 3d 1, 3 (2005) (citing Commonwealth of Mass. v. Blackstone Valley Elec. Co., 67 F. 3d 981 [1st Cir. 2005] and approving use of stay in reliance on primary jurisdiction doctrine).

5.     An order saying the summary judgment and trial dates will serve the interests of judicial economy, efficiency, and all parties, and will not unduly delay resolution of the matter.  Indeed, the requested stay likely will facilitate resolution of the matter.  Regardless how the FCC rules on the pending petitions, one party or the other will thereafter have a strong incentive to resolve the matter without further proceedings or commitment of resources by the Court.

6.     There is no good reason why this Motion should be denied.

For all of the foregoing reasons, this motion should be granted and the action stayed pending the FCC's resolution of the TCPA/ATDS issue.

## Local Rule 7.1 Certification

I, John J. O'Connor, certify that I have conferred with plaintiff's counsel in compliance with Local Rule 7.1.

/s/ John J. O'Connor
John J. O'Connor, Esq.

                                                                DIVERSIFIED CONSULTANTS, INC.

                                               By Its Attorneys,

                                             <u>/s/ John J. O'Connor</u>
                                             John J. O'Connor, Esq.
                                             BBO # 555251
                                             PEABODY & ARNOLD LLP
                                             Federal Reserve Plaza
                                             600 Atlantic Avenue
                                             Boston, MA  02210-2261
                                             (617) 951-2100
                                             joconnor@peabodyarnold.com

Dated:  March 12, 2014

## **CERTIFICATE OF SERVICE**

      I do hereby certify, that on March 12, 2014, served the within document, by causing a copy thereof, to be sent electronically to the registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF) and paper copies mailed, first class mail, postage prepaid to any non-registered participants in this case.

                                                 /s/ John J. O'Connor

PABOS2:JOCONNO:817712_1
15874-97169