# EXHIBIT F

Federal Communications Commission           FCC 07-232

Before the
Federal Communications Commission
Washington, D.C. 20554

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| Rules and Regulations Implementing the ) | CG Docket No. 02-278 |
| Telephone Consumer Protection Act of 1991 ) | |
| ) | |
| Request of ACA International for Clarification ) | |
| and Declaratory Ruling ) | |

## DECLARATORY RULING

Adopted: December 28, 2007          Released: January 4, 2008

By the Commission:

### I. INTRODUCTION

1. In this Declaratory Ruling, we address a Petition for Expedited Clarification and Declaratory Ruling filed by ACA International (ACA).[1] In this ruling, we clarify that autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the "prior express consent" of the called party.[2]

### II. BACKGROUND

#### A. Telephone Consumer Protection Act of 1991

2. On December 20, 1991, Congress enacted the Telephone Consumer Protection Act (TCPA),[3] as codified in section 227 of the Communications Act of 1934, as amended, in an effort to address a growing number of telephone marketing calls and certain telemarketing practices Congress found to be an invasion of consumer privacy.[4] In relevant part, the TCPA regulates the use of automated

---

[1] ACA International Petition for an Expedited Clarification and Declaratory Ruling filed October 4, 2005 (*Petition*). ACA describes itself as an international trade organization of credit and collection companies that provide a wide variety of accounts receivable management services. ACA represents approximately 5,800 company members ranging from credit grantors, collection agencies, attorneys, and vendor affiliates.

[2] Debt collection calls are regulated primarily by the Federal Trade Commission and are subject to the requirements of the Fair Debt Collection Practices Act (FDCPA), which prohibits abusive, deceptive, and otherwise improper collection practices by third-party collectors. 15 U.S.C. § 1692 *et seq.*

[3] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), *codified at* 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[4] The TCPA directs the Commission, after comparing and evaluating "alternative methods," to adopt rules "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1)-(4).

Federal Communications Commission                                    FCC 07-232

telephone equipment.[5] Specifically, section 227(b)(1)(A) prohibits the use of any automatic telephone dialing system[6] to call any telephone number assigned to a cellular telephone service absent an emergency purpose or the "prior express consent of the called party."[7] The TCPA also makes it unlawful to place a non-emergency telephone call to a residential line "using an artificial or prerecorded voice" without the recipient's consent unless the call is "exempted by rule or order of the Commission under paragraph (2)(B)."[8] Paragraph (2)(B), in turn, authorizes the Commission to enact limited exemptions from this ban, including an exemption for calls "that are not made for a commercial purpose" or "do not include the transmission of any unsolicited advertisement."[9]

3.    Section 227(b)(2)(B) authorizes the Commission to exempt noncommercial and certain other classes of calls from the prohibition on prerecorded messages to residences. By comparison, section 227(b)(2)(C) gives the Commission authority to exempt from the prohibition on autodialed or prerecorded message calls to wireless numbers contained in section 227(b)(1)(A)(iii) only those "calls to

---

[5] 47 U.S.C. § 227(b).

[6] Under the TCPA, the term "automatic telephone dialing system" means "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

[7] 47 U.S.C. § 227(b)(1)(A). ("It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency); (ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]").

[8] 47 U.S.C. § 227(b)(1)(B). Subsection 227(b)(1)(B) provides:

> It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States - (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)[.]

Id. See also 47 C.F.R. § 64.1200(a)(2).

[9] 47 U.S.C. § 227(b)(2)(B)(i) and (ii). Subsection (2)(B) states:

> The Commission shall prescribe regulations to implement the requirements of this subsection. In implementing the requirements of this subsection, the Commission – (B) may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe – (i) calls that are not made for a commercial purpose; and (ii) such classes or categories of calls made for commercial purposes as the Commission determines—(I) will not adversely affect the privacy rights that this section is intended to protect; and (II) do not include the transmission of any unsolicited advertisement…

47 U.S.C. § 227(b)(2)(B).

2

Federal Communications Commission　　　　　　　　　　FCC 07-232

a telephone number assigned to a cellular telephone service that are not charged to the called party, subject to such conditions as the Commission may prescribe as necessary in the interest of the privacy rights the provision is intended to protect."[10]

### B. Commission's TCPA rules

4.　The Commission first adopted rules implementing the TCPA in 1992.[11] Under these rules, calls delivering artificial or prerecorded messages to residences were prohibited, absent the express consent of the called party.[12] Exempted from this prohibition were certain categories of calls that the Commission determined did not adversely affect consumers' privacy rights.[13] In the *1992 TCPA Order*, the Commission concluded that an express exemption for debt collection calls to residences was unnecessary as such calls fall within the exemptions adopted for commercial calls which do not transmit an unsolicited advertisement and for established business relationships.[14] In addition, the Commission adopted rules prohibiting the use of autodialed and prerecorded message calls to cell phone numbers which incorporated the language of the TCPA virtually verbatim.[15]

5.　In 1995, the Commission released a Memorandum Opinion and Order addressing petitions for reconsideration of the *1992 TCPA Order*.[16] Among other things, the Commission clarified that: 1) prerecorded debt collection calls are exempted from Section 227(b)(1)(B) of the TCPA which

---

[10] 47 U.S.C. § 227(b)(2)(C).

[11] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CC Docket No. 92-90, Report and Order, 7 FCC Rcd 8752 (1992) (*1992 TCPA Order*); *see also* 47 C.F.R. § 64.1200.

[12] 47 C.F.R. § 64.1200(a)(2).

[13] *1992 TCPA Order*, 7 FCC Rcd at 8769-73, paras. 32-39. These exemptions included calls that are: 1) not made for a commercial purpose; 2) made for a commercial purpose but not do include the transmission of any unsolicited advertisement, 3) made to any person with whom the caller has an established business relationship; or 4) made by a tax-exempt nonprofit organization.

[14] *1992 TCPA Order*, 7 FCC Rcd at 8773, para. 39.

[15] *See* 47 C.F.R. § 64.1200(a)(1). The Commission also determined that cellular carriers need not obtain additional consent from their cellular subscribers prior to initiating autodialer and artificial prerecorded message calls for which the cellular subscriber is not charged. *1992 TCPA Order*, 7 FCC Rcd at 8775, para. 45. ("…neither TCPA nor the legislative history indicates that Congress intended to impede communications between radio common carriers and their customers regarding the delivery of customer services by barring calls to cellular subscribers for which the subscriber is not called [sic]"). However, the Commission determined that market research calls delivered by autodialers to cellular customers were prohibited by the TCPA absent the prior express consent of the subscriber. *Id.* at para. 45.

[16] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397-98, para. 14 (1995) (*1995 TCPA Reconsideration Order*).

3

Federal Communications Commission                             FCC 07-232

prohibits prerecorded or artificial voice messages to residences;[17] and 2) debt collection calls not directed to randomly or sequentially generated telephone numbers do not require an identification message.[18]

6.     In 2002, the Commission initiated a rulemaking proceeding to determine whether the Commission's rules needed to be revised to more effectively carry out Congress's directives in the TCPA.[19] On July 3, 2003, the Commission revised and clarified the existing rules under the TCPA and adopted new rules to provide consumers with several options for avoiding unwanted telephone solicitations.[20]

7.     In particular, the Commission clarified the rules on autodialed and prerecorded message calls to wireless telephone numbers. Specifically, the Commission affirmed that it is unlawful "to make *any call* using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number."[21] Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[22] Finally, the Commission found that a

---

[17] *1995 TCPA Reconsideration Order*, 10 FCC Rcd at 12400, para. 17 ("We have specifically noted that 'prerecorded debt collection calls [are] exempt from the prohibitions on [prerecorded] calls to residences as . . . commercial calls . . . which do not transmit an unsolicited advertisement'" (*citing 1992 TCPA Order*, 7 FCC Rcd at 8773, para. 39)).

[18] *See 1995 TCPA Reconsideration Order*, 10 FCC Rcd at 12400-01, paras. 17 and 19. *See also 1992 TCPA Order*, 7 FCC Rcd at 8773, para. 39 ("With respect to concerns regarding compliance with both the [Fair Debt Collection Practices Act] and our rules in prerecorded message calls, we emphasize that the identification requirements will not apply to debt collection calls because such calls are not autodialer calls (i.e., dialed using a random or sequential number generator) and hence are not subject to the identification requirements for prerecorded messages in 64.1200(e)(4) of our rules").

[19] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking and Memorandum Opinion and Order, 17 FCC Rcd 17459, CG Docket No. 02-278 and CC Docket No. 92-90 (2002) (*2002 NPRM*). In the *2002 NPRM*, and as relevant here, the Commission sought specific comment on the definition of "automatic telephone dialing system," and whether it was necessary to identify the technologies section 227 is designed to address. The Commission also asked whether a predictive dialer is subject to the ban on calls to emergency lines, health care facilities, paging services, and any service for which the called party is charged for the call. *2002 NPRM*, 17 FCC Rcd at 17473-75, paras. 23 and 26.

[20] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) (*2003 TCPA Order*).

[21] *2003 TCPA Order*, 18 FCC Rcd at 14115, para. 165. *See* 47 U.S.C. § 227(b)(1), which contains exceptions for calls made for emergency purposes or made with the prior express consent of the called party.

[22] *Id.* The Commission also noted that callers have no way to determine how consumers are charged for their wireless service. *Id.*

4

Federal Communications Commission				FCC 07-232

predictive dialer[23] falls within the meaning and statutory definition of "automatic telephone dialing equipment" and the intent of Congress.[24]

### C. ACA Petition

8. On October 4, 2005, ACA filed a petition seeking clarification that the prohibition against autodialed or prerecorded calls to wireless telephone numbers in 47 C.F.R. § 64.1200(a)(1)(iii) does not apply to creditors and collectors when calling wireless telephone numbers to recover payments for goods and services received by consumers.[25] ACA maintains that the TCPA was enacted to curtail the "onslaught of telemarketing calls," and that the use of autodialers to attempt to recover payments is not telemarketing.[26] According to ACA, the Commission has always interpreted the autodialer restriction so as not to apply to debt collection calls.[27] On April 5, 2006, the Commission sought comment on ACA's petition.[28] In a supplemental filing on April 26, 2006, ACA argues that the Commission's determination that predictive dialers fall within the meaning of the statutory definition of "automated telephone dialing equipment" was incorrect and conflicts with the language of the TCPA.[29] The majority

---

[23] The Commission explained in its *2003 TCPA Order* that "a predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers. . . [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dialer calls them at rate to ensure that when a consumer answers the phone, a sales person is available to take the call." *See 2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

[24] *2003 TCPA Order*, 18 FCC Rcd at 14093, para. 133.

[25] *See supra* note 1. *See also Petition* at 12.

[26] *Petition* at 11-12.

[27] *Petition* at 14-20 (citing statements from the Commission that debt collection calls constitute neither telephone solicitations nor include unsolicited advertisements).

[28] *Consumer & Governmental Affairs Bureau Seeks Comment on ACA International's Petition for an Expedited Clarification and Declaratory Ruling Concerning the Telephone Consumer Protection Act (TCPA) Rules*, Public Notice, 21 FCC Rcd 3600 (2006). Comments were due May 11, and replies were due May 22, 2006. *See* 71 Fed. Reg. 24634 (April 26, 2006).

[29] ACA International's Supplemental Submission to Petition for an Expedited Clarification and Declaratory Ruling, filed April 26, 2006 (*Supplemental Submission*). For purposes of this Declaratory Ruling, we treat ACA's supplemental petition as part of its original petition.

Federal Communications Commission                                    FCC 07-232

of comments filed were from creditors and collectors who support ACA's petition.[30] Consumer groups and individual consumers also filed comments, most of whom opposed ACA's petition.[31]

## III. DISCUSSION

### A. TCPA Autodialer Prohibition and Prior Express Consent

9. Although the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls for emergency purposes or made with the prior express consent of the called party.[32] Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party,[33] we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. In the *1992 TCPA Order*, the Commission determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary."[34] The legislative history in the TCPA provides support for this interpretation. Specifically, the House report on what ultimately became section 227 states that:

> [t]he restriction on calls to emergency lines, pagers, and the like does not apply when the called party has provided the telephone number of such a line to the caller for use in normal business communications.[35]

10. We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the

---

[30] *See, e.g.*, American Bankers Association and Consumer Bankers Association Comments (arguing that the relief requested by ACA should be extended to include all calls made using predictive dialers to wireless telephone numbers of existing customers), American Financial Services Association Comments, Chase Home Finance LLC Comments, Credit Management, LP Comments, Global Acceptance Credit Company Comments, Equinox Collection Service, Inc. Comments, National Association of Retail Collection Attorneys Comments. *See also* AT&T Comments, Direct Marketing Association Comments, Verizon Comments.

[31] *See, e.g.*, Electronic Privacy Information Center (EPIC) Comments, National Association of State Utility Consumer Advocates (NASUCA) Comments, Robert Biggerstaff Comments, Office of the Indiana Attorney General Comments, Privacy Rights Clearinghouse Comments.

[32] 47 U.S.C. § 227(b)(1)(A).

[33] *See, e.g.*, Verizon Comments and AT&T Comments.

[34] *See 1992 TCPA Order*, 7 FCC Rcd at 8769, para. 31 (citing House Report, 102-317, 1st Sess., 102nd Cong. (1991) at 13, "noting that in such instances the called party has in essence requested the contact by providing the caller with their telephone number for use in normal business communications"). The Commission also noted, however, that if a caller's number is "captured" by a Caller ID or an ANI device without notice to the residential telephone subscriber, the caller cannot be considered to have given an invitation or permission to receive autodialer or prerecorded voice message calls. *Id.*

[35] H.R. Rep. 102-317 at 17.

6

Federal Communications Commission                                          FCC 07-232

transaction that resulted in the debt owed.[36] To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications.[37] Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.[38]

11.     We also reiterate that the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[39] We note that this prohibition applies regardless of the content of the call, and is not limited only to calls that constitute "telephone solicitations."[40] However, we agree with ACA and other commenters that calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing.[41] Therefore, calls regarding debt collection or to recover payments are not subject to the TCPA's separate restrictions on "telephone solicitations."[42]

---

[36] See Petition at 5 ("The purpose of these telephone communications is to recover payment for obligations owed to creditors…They are limited to customers of creditors who have received a product without payment. Typically the telephone number is provided by the customer for purposes or receiving calls, for example, as part of a credit application").

[37] We encourage creditors to include language on credit applications and other documents informing the consumer that, by providing a wireless telephone number, the consumer consents to receiving autodialed and prerecorded message calls from the creditor or its third party debt collector at that number. See, e.g., EPIC Comments at 5 (creditors should be directed to obtain express authorization from customers in writing).

[38] A third party collector may also be liable for a violation of the Commission's rules. In addition, prior express consent provided to a particular creditor will not entitle that creditor (or third party collector) to call a consumer's wireless number on behalf of other creditors, including on behalf of affiliated entities.

[39] 47 U.S.C. § 227(b)(1)(A)(iii). See also 2003 TCPA Order, 18 FCC Rcd at 14115, para. 165.

[40] See 47 U.S.C. § 227(b)(1)(A)(iii). See also 137 Cong. Rec. S18781-02, S18785 (Nov. 27, 1991) (Statement from Senator Pressler that "[t]his bill also allows hospitals, police stations, fire stations, and owners of paging and cellular equipment to eliminate all unsolicited calls").

[41] In the 2003 TCPA Order, the Commission stated that "the act of 'terminating' an established business relationship will not hinder or thwart creditors' attempts to reach debtors by telephone, to the extent that debt collection calls constitute neither telephone solicitations nor include unsolicited advertisements." See 2003 TCPA Order, 18 FCC Rcd at 14079, para. 113 n.358.

[42] See 47 C.F.R. § 64.1200(e). For example, the National Do-Not-Call List does not apply to calls that do not fall within the definition of "telephone solicitation" as defined in section 227(a)(3). These include surveys, market research, and political or religious speech calls. See 2003 TCPA Order, 18 FCC Rcd at 14039-40, para. 37.

Federal Communications Commission    FCC 07-232

## B. Predictive Dialers

12. In this Declaratory Ruling, we affirm that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers. In its Supplemental Submission, ACA argues that the Commission erred in concluding that the term "automatic telephone dialing system" includes a predictive dialer.[43] ACA states that debt collectors use predictive dialers to call specific numbers provided by established customers,[44] and that a predictive dialer meets the definition of autodialer only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists.

13. As noted above, the Commission first sought comment on predictive dialers in 2002 and asked whether using a predictive dialer is subject to the TCPA's autodialer restrictions.[45] The Commission found that, based on the statutory definition of "automatic telephone dialing system,"[46] the TCPA's legislative history, and current industry practice and technology, a predictive dialer falls within the meaning and definition of autodialer and the intent of Congress.[47] The Commission noted that the evolution of the teleservices industry had progressed to the point where dialing lists of numbers was far more cost effective, but that the basic function of such dialing equipment, had not changed—the capacity to dial numbers without human intervention. The Commission noted that it expected such automated dialing technology to continue to develop and that Congress had clearly anticipated that the FCC might need to consider changes in technology.[48]

14. Moreover, the Commission noted that the TCPA does not ban the use of automated dialing technology.[49] It merely prohibits such technologies from dialing emergency numbers, health care facilities, telephone numbers assigned to wireless services, and any other numbers for which the consumer is charged for the call. Such practices were determined by Congress to threaten public safety and inappropriately shift costs to consumers. Most importantly, the Commission said that, to find that calls to emergency numbers, health care facilities, and wireless numbers are permissible when the dialing equipment is paired with predictive dialing software and a database of numbers, but prohibited when the equipment operates independently of such lists, would be inconsistent with the avowed purpose of the TCPA and the intent of Congress in protecting consumers from such calls.[50] ACA raises no new

---

[43] Supplemental Submission at 4-18. See also supra note 23.

[44] Supplemental Submission at 6, 10.

[45] 2002 NPRM, 17 FCC Rcd at 17475, para. 26.

[46] See supra note 6.

[47] 2003 TCPA Order, 18 FCC Rcd at 14092-93, para. 133.

[48] See 2003 TCPA Order, 18 FCC Rcd at 14091-92, para. 132 (citing 137 Cong. Rec. S18784 (1991) (statement of Sen. Hollings) ("The FCC is given the flexibility to consider what rules should apply to future technologies as well as existing technologies").

[49] Debt collectors may use autodialing technology to call wireline numbers. Debt collection calls fall within the exemption for prerecorded calls that are commercial, but do not include an unsolicited advertisement. See 1995 TCPA Reconsideration Order, 10 FCC Rcd at 12400, para. 17.

[50] 2003 TCPA Order, 18 FCC Rcd at 14092-93, para. 133.

8

Federal Communications Commission　　　　　　　　　　FCC 07-232

information about predictive dialers that warrants reconsideration of these findings.[51] With this ruling, however, creditors and debt collectors may use predictive dialers to call wireless phones, provided the wireless phone number was provided by the subscriber in connection with the existing debt.[52] We note, however, that where the subscriber has not made the number available to the creditor regarding the debt, we expect debt collectors to be able to utilize the same methods and resources that telemarketers have found adequate to determine which numbers are assigned to wireless carriers,[53] and to comply with the TCPA's prohibition on telephone calls using an autodialer or an artificial or prerecorded voice message to wireless numbers.[54]

## IV. PROCEDURAL MATTERS

15.　To request materials in accessible formats (such as Braille, large print, electronic files, or audio format), send an e-mail to fcc504@fcc.gov or call the Consumer & Governmental Affairs Bureau at 202-418-0530 (voice), 202-418-0432 (TTY). This Declaratory Ruling can also be downloaded in Word and Portable Document Format at http://www.fcc.gov/cgb/policy.

## V. ORDERING CLAUSES

16.　Accordingly, IT IS ORDERED that, pursuant to Sections 1-4, 227, and 303(r) of the Communications Act of 1934, as amended, 47 U.S.C. §§ 151-154, 227 and 303(r); and Section 64.1200 of the Commission's rules, 47 C.F.R. § 64.1200, this Declaratory Ruling in CG Docket No. 02-278 IS ADOPTED as set forth herein.

---

[51] See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Second Order on Reconsideration, 20 FCC Rcd 3788 (2005) (declining to reconsider the Commission's rules on predictive dialers and abandoned calls).

[52] See supra para. 9.

[53] See 2003 TCPA Order, 18 FCC Rcd at 14117, para. 170. See also Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Order, 19 FCC Rcd 19215 (2004) (establishing a limited safe harbor period from the prohibition on placing automatic telephone dialing system (autodialed) or prerecorded message calls to wireless numbers when such calls are made to numbers that have been recently ported from wireline service to wireless service).

[54] See 2003 TCPA Order, 18 FCC Rcd at 14117, para. 170. See also DMA Wireless Number Suppression List at http://preference.the-dma.org/products/wireless.shtml. Neustar also has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. See http://www.tcpacompliance.com/. ACA contends that the use of such databases is "inherently deficient" and not a viable solution for ACA members. See Supplemental Submission at 29.

9

Federal Communications Commission FCC 07-232

17. IT IS FURTHER ORDERED that the Request for Clarification filed by ACA International in CG Docket 02-278 on October 4, 2005 and supplemented by ACA on April 26, 2006, IS GRANTED insofar as ACA seeks clarification that autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the "prior express consent" of the called party, AND in all other respects, IS DENIED.

FEDERAL COMMUNICATIONS COMMISSION

Marlene H. Dortch
Secretary

10