# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Reid,<br><br>    Plaintiff,<br><br>vs.<br><br>I.C. System, Inc.,<br><br>    Defendant. | No. CV-12-02661-PHX-ROS<br><br>**ORDER** |

Defendant I.C. System, Inc., moves to dismiss Plaintiff Michael Reid's complaint for failure to state a claim on which relief may be granted. Defendant also moves to strike the complaint's class action allegations. Defendant's motion is a disguised motion for summary judgment and will be denied in full.

**BACKGROUND**

According to the complaint, "[b]eginning in or around October 2012, Defendant has repeatedly contacted Plaintiff on Plaintiff's cellular telephone using an ATDS [automatic telephone dialing system]." (Doc. 1 at 4). Defendant's automatic telephone dialing system is alleged to meet the statutory definition for such devices set forth in 47 U.S.C. § 227(a)(1). (Doc. 1 at 4). Plaintiff's telephone number "is assigned to a cellular telephone service" and "Plaintiff is charged for incoming calls made to his cellular telephone." (Doc. 1 at 4). Finally, Plaintiff alleges "Defendant did not have prior express consent to place automated calls to [him] on his cellular telephone." (Doc. 1 at 4).

Based on these events, the complaint asserts a claim under the Telephone Consumer Protection Act ("TCPA"). Plaintiff is suing on his own behalf as well as on behalf of a class of similarly situated individuals.[1] Defendant moves to dismiss the TCPA claim and also moves to strike the class action allegations.

## ANALYSIS

### I. Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Moss v. United States Secret Service*, 675 F.3d 1213, 1228 (9th Cir. 2012). Under this standard, the well-pled facts must support a "cognizable legal theory." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1029 (9th Cir. 2011). And those facts must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In drawing such an inference, the Court must engage in a "context-specific" analysis of the alleged facts and rely on "its judicial experience and common sense." *Id.* at 679.

In light of the arguments in Defendant's motion, it must be stressed that "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the extensive evidence Defendant submits in support of its motion to dismiss is irrelevant. In fact, Defendant's decision to attack the factual accuracy of the complaint's allegations, rather than the legal sufficiency of the complaint's allegations, is effectively a concession that the motion to dismiss is not appropriate.

---

[1] The proposed class would be defined as: "All persons within the United States who received one or more non-emergency telephone calls from [Defendant] to a cellular telephone through the use of an ATDS and who did not provide prior express consent for such calls." (Doc. 1 at 5).

## II. The Complaint States a Plausible TCPA Claim

In moving to dismiss the TCPA claim, Defendant did not read the complaint carefully, did not read existing law carefully, or both. In the Ninth Circuit, a plausible claim under the TCPA requires allegations establishing "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). The complaint contains each of these allegations.

First, the complaint alleges Defendant made multiple calls to his cellular telephone.[2] (Doc. 1 at 4). Second, the complaint alleges those calls were placed using an automatic telephone dialing system. (Doc. 1 at 4). And third, the complaint alleges "Defendant did not have prior express consent" to make those calls. (Doc. 1 at 4). Plaintiff has done all that is required to state a claim under the TCPA.

In arguing against this straightforward conclusion, Defendant spends many pages addressing the alleged factual inaccuracies in the complaint. For example, Defendant submits evidence that the system it used to call Plaintiff's number does not qualify as an "automatic telephone dialing system" under the statutory definition. Defendant also submits evidence that it had consent to call Plaintiff's telephone.[3] A motion to dismiss is not the time to resolve such disputes. Therefore, the motion to dismiss must be denied.

## III. The Class Allegations Will Not Be Stricken

Defendant moves to strike the class action allegations, arguing individualized issues

---

[2] Strangely, Defendant's motion claims "no where in the Complaint does Plaintiff state" he was called on a "cell phone." (Doc. 10-1 at 14). That statement is impossible to reconcile with the allegations in the complaint that "Defendant has repeatedly contacted Plaintiff on Plaintiff's cellular telephone." (Doc. 1 at 4).

[3] Defendant claims it had previously obtained consent from an individual named "Vitek Kozlowski" to call Plaintiff's number. (Doc. 10-1 at 8, 14). It is not entirely clear why Defendant believes the consent of a third-party is relevant. *See Soppet v. Enhanced Recovery Co.*, LLC, 679 F.3d 637, 640 (9th Cir. 2012) (consent must be the consent of the current subscriber, not the consent of some prior holder of the number).

- 3 -

will predominate and result in this case devolving into a series of "mini-trials" for each class member.[4] (Doc. 10-1 at 20). Other courts have certified TCPA actions, meaning there is not an absolute bar to class treatment of these claims. *See, e.g., Blair v. CBE Group Inc.*, 2013 WL 2029155, at *5 (S.D. Cal. May 13, 2013) (citing TCPA class actions). Defendant's motion to strike simply is a premature attempt to defeat class certification. Therefore, the motion to strike must be denied.

## IV. Conclusion

Overall, Defendant's motion is not well-taken. The Court notes that defense counsel filed an almost identical motion in a TCPA case currently pending in the Southern District of California. *Blair v. The CBE Group Inc.*, 13-CV-0134-MMA (WVG), Doc. 7-1, filed on March 8, 2013. That court later rejected defense counsel's arguments, finding portions of the motion barred by "clear" authority. *Blair v. CBE Group Inc.*, 2013 WL 2029155, at *3 (S.D. Cal. May 13, 2013). That court also concluded the request to strike the class allegations was "a premature effort to defeat class certification." *Id.* at *5. Ideally, defense counsel would have filed a supplement stating another court had considered the *exact same arguments* and rejected them.[5] Going forward, defense counsel should be more forthcoming regarding relevant developments in similar cases which he is undoubtedly aware of.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss and Motion to Strike (**Doc. 10**) is **DENIED**.

---

[4] Of all the possible factual disputes that might prevent class certification, Defendant chose to focus on the one with Ninth Circuit authority directly on point: the issue of consent. In *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012), the Ninth Circuit held "individualized issues of consent" do not automatically prevent certification of a class in a TCPA suit. *Id.* Defendant's motion does not analyze or even cite this case.

[5] The Court recognizes that such authority is not binding on this Court. But defense counsel is counsel of record in both cases and he runs the risk of being sanctioned for unnecessarily filing frivolous and vexatious motions if he continues to file motions that have been rejected by other courts for being against the weight of clear authority. *See Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001) (setting forth standards for sanctions).

**IT IS FURTHER ORDERED** the Motion for Leave (**Doc. 15**) is **DENIED**.

DATED this 30th day of August, 2013.

_____
Roslyn O. Silver
Chief United States District Judge