UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jamie Davis,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>Diversified Consultants, Inc., and<br>DOES 1-10, inclusive,<br>　　　　　　Defendants | Civil Action No. 1:13-cv-10875-FDS |

**LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS OF DEFENDANT DIVERSIFIED CONSULTANTS, INC.**

　　　　Pursuant to Local Rule 56.1, the Defendant Diversified Consultants, Inc. ("DCI") submits the following statement of undisputed material facts in support of its Motion for Summary Judgment.

　　　　1.　　DCI is a licensed collection agency with a principal place of business in Jacksonville, Florida.  (Affidavit of Rafal Leszczynski ("Rafal Aff.") ¶ 2).

　　　　2.　　Davis is a resident of Cambridge, Massachusetts.  (Exhibit B to John J. O'Connor Affidavit, Complaint ¶ 4).

　　　　3.　　Davis alleges that DCI contacted him on his cellular telephone in an attempt to collect a debt incurred by someone named "Rosemary".  (Exhibit B to O'Connor Affidavit, Complaint ¶ 12).

　　　　4.　　Davis alleges that he informed DCI that he did not know anyone named "Rosemary" and that no such individual lived with him. (Exhibit B to O'Connor Affidavit, Complaint ¶¶ 13-15).

5. Davis claims to have answered only about seven calls DCI allegedly made. Davis did not answer any of the other calls DCI allegedly made to Davis and no messages were left with the exception of possibly one message. Davis admitted that he considered only one of the callers to have been rude to him, by implying (allegedly) that Davis was not being truthful with him. (Exhibit A to O'Connor Affidavit, Deposition Transcript of Jamie Davis, p. 20 lines 20-23, p. 23 line 20 to p. 24 line 2, p. 25 lines 5-11, p. 28 lines 18-20, p. 29, p. 30 line 11 to p. 31 line 18).

6. Davis alleges that DCI violated the FDCPA by causing his telephone to ring repeatedly, by engaging Davis in telephone communications with the intent to annoy, and by using unfair and unconscionable means to collect a debt. (Exhibit B to O'Connor Affidavit, Complaint ¶¶ 19-21).

7. DCI did not use an automatic telephone dialing system as defined by the TCPA in connection with the complained of telephone calls. (Rafal Aff. ¶¶ 4-8).

8. To contact debtors by telephone, DCI utilizes a third-party, independent contractor, a company called LiveVox. LiveVox provides a hosted-dialer program that makes calls through a "Voice-Over-Internet Protocol" ("VOIP") system. (Rafal Aff. ¶ 4).

9. The LiveVox system does not have the capacity to produce or store telephone numbers using a random or sequential number generator, or to call numbers without human intervention. (Rafal Aff. ¶ 5).

10. On a daily basis, DCI's Director of Operations and Dialing Systems is required to assemble telephone numbers to be dialed by LiveVox. (Rafal Aff. ¶ 5).

11. The practice of the Director of Operations and Dialing Systems is to obtain the telephone numbers from the clients placing the account with DCI, then to download them to the LiveVox system.  (Rafal Aff. ¶ 5).

12. The only telephone numbers that are called from this system are those specific numbers provided by DCI's clients and downloaded into the LiveVox system.  (Exhibit A, Rafal Aff. ¶ 5).

13. LiveVox, not DCI, makes the calls to debtors.  (Rafal Aff. ¶ 6).

14. LiveVox does not store the numbers input by the Director of Operations and Dialing Systems.  (Rafal Aff. ¶ 7).

15. At 1:00 a.m., all numbers are wiped off of the system and no information remains on the system.  (Rafal Aff. ¶ 7).

16. The numbers are not available to be reused.  (Rafal Aff. ¶ 7).

17. Instead, numbers to be called have been reassembled and revised to reflect any changes on the account.   (Rafal Aff. ¶ 7).

18. When DCI's Director of Operations and Dialing Systems logs onto the system the next day, there are no campaigns or information reflected on the system.  (Rafal Aff. ¶ 7).

19. The Director of Operations and Dialing Systems is required on a daily basis to load the system with the next batch of accounts and contact information provided by DCI's clients.  (Rafal Aff. ¶ 7).

20. Instead of dialing telephone numbers stored or produced with a random or sequential number generator, DCI relies on LiveVox to contact debtors strategically.   (Rafal Aff. ¶ 8).

21. The telephone numbers are provided to DCI by the client.  (Rafal Aff. ¶ 8).

22. These telephone numbers are not, and never have been, provided to DCI or called using a random or sequential number generator. (Rafal Aff. ¶ 8).

23. When a debtor's account and contact information is retrieved by a DCI collection associate, these telephone calls are not produced using a random or sequential number generator. (Rafal Aff. ¶ 9).

24. The LiveVox system does not call debtors in a sequential order. (Rafal Aff. ¶ 9).

25. LiveVox places calls to debtors only during those times of the day in which it is entitled to call pursuant to the FDCPA and state law. (Rafal Aff. ¶ 9).

26. At no time did DCI or LiveVox make any telephone calls to Davis with the intent to annoy or harass him. It only called him and communicated six times, never left a voicemail, and never called with intent to harass or annoy. (Rafal Aff. ¶ 10).

27. On February 24, 2014, the Court ordered that, "If expert testimony is needed, the parties shall notify the Court in writing by 3/19/2014." The Plaintiff provided no such notice here. Nor has the Plaintiff identified any expert in response to DCI's expert interrogatories, or provided an expert report.

        DIVERSIFIED CONSULTANTS, INC.,

        By its attorneys,

        /s/ John J. O'Connor
        John J. O'Connor, Esq.
        BBO #555251
        PEABODY & ARNOLD LLP
        Federal Reserve Plaza
        600 Atlantic Avenue
        Boston, MA  02210-2261
        Telephone: (617) 951-2100
        joconnor@peabodyarnold.com

Dated: <u>March 31, 2014</u>

## **CERTIFICATE OF SERVICE**

      I do hereby certify, that on March 31, 2014, I served the within document, by causing a copy thereof, to be sent electronically to the registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF) and paper copies mailed, first class mail, postage prepaid to any non-registered participants in this case.

                                        /s/ John J. O'Connor

818785_1
15874-97276