**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Jamie Davis, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.: 1:13-cv-10875-FDS |
| v. | : |
| | : |
| | : |
| Diversified Consultants, Inc.; and | : |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |

## <u>RESPONSE TO LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS OF DEFENDANT DIVERSIFIED CONSULTANTS, INC.</u>

Plaintiff Jamie Davis ("Davis"), by and through undersigned counsel, hereby responds to the Local Rule 56.1 Statement of Undisputed Material Facts of Defendant Diversified Consultants, Inc. ("DCI").

1.      Agree.

2.      Agree.

3.      Agree that, at paragraph 13 of the Complaint, Plaintiff listed the actual debtor as "Rosemary." As learned in discovery, the actual name of the actual debtor was "Rosalee Pagan." (Pye Tr. 25:6-21).[1]

4.      Agree that that the Complaint alleges the name was "Rosemary." As learned in discovery, the actual name of the actual debtor was "Rosalee Pagan." *Id*. at 25:6-21.

5.      Agree.

6.      Agree.

7.      Disagree.

---

[1] "Pye Tr." refers to the deposition transcript of DCI's Rule 30(b)(6) designee, Mavis-Ann Pye, portions of which are submitted as <u>Exhibit A</u> to the Lemberg Declaration submitted in Opposition to Defendant's Motion for Summary Judgment.

- First, the "Rafal Aff." should be stricken as it is from an undisclosed witness (see accompanying motion to strike).

- Second, DCI's system, LiveVox, is an Automatic Telephone Dialing System ("ATDS") as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(a)(1), and the Federal Communications Commission ("FCC") 2003 Report (*In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order,* 18 F.C.C. Rcd. 14014, 14017 ¶¶ 1–2, 2003 WL 21517853 (F.C.C. July 3, 2003) ("2003 Report" )).

    It is an ATDS under 47 U.S.C. § 227(a)(1) because LiveVox **(1)** has the capacity to store numbers "up to 30 days" (Pye Tr. at 80:11-13 & 24-25), **(2)** has the capacity to dial sequentially (*Id.* at 89:17-24), and **(3)** it dials numbers for DCI throughout the day (*Id.* at 62:11-15).

    It is an ATDS pursuant to the 2003 Report which includes within the ATDS definition "predictive dialers" which dial "from a database of numbers." 2003 Report at 14091 ¶131. DCI admitted that "[w]e use a predictive dialer to make phone calls." (Pye Tr. at 22:5-6). It uploads a campaign or file of numbers DCI wants the dialer to call. *Id.* at 81:4-5. If someone picks up a call, the call is then transferred to a DCI collector. *Id.* at 31:13-24; 57:7-11.

8.    Agree that DCI uses a service provided by a company called LiveVox to place its calls. Disagree that the Rafal Aff. is admissible evidence.

9.    Disagree. LiveVox's own memorandum to DCI (the "LiveVox Memo") states

that LiveVox is "able to store or produce telephone numbers to be called." (January 6, 2014, Pye

Declaration).[2] DCI's Rule 30(b)(6) witness testified that the LiveVox system has the capacity to

store telephone numbers and dial sequentially. (Pye Tr. at 80:11-13 & 24-25; 89:17-24).  Further,

the Rafal Aff. is not admissible evidence.

> 10.     Agree that DCI assembles lists of phone numbers and uploads those campaigns to

LiveVox which then permits DCI to "make[] millions of phone calls a day." *Id.* at 73:25-74:5;

81:4-5. Further, the Rafal Aff. is not admissible evidence.

> 11.     Disagree.  DCI's practice is also to acquire telephone numbers from skip trace

companies, in this case "Innovis", from whom DCI pays to acquire and provide location

information and telephone numbers. (Pye Tr. 25:18-26:11).   Innovis provided DCI with

Plaintiff's telephone number (857) XXX-8596 (the "8596 number"). *Id.* (number partially

redacted for privacy considerations).   On August 1, 2012, DCI loaded the 8596 number –

acquired from Innovis, not the Plaintiff or DCI's client – into the LiveVox system and proceeded

to call. *Id* at 26:12-18. Additionally, the Rafal Aff. is not admissible evidence and the affidavit

(at ¶ 11 and 12) appears to speak to *current* practices and not what occurred in the time period

DCI called the Plaintiff.

> 12.     Disagree and restating number 11 *supra*.

> 13.     Agree that LiveVox dials the number.  Disagree with suggestion that DCI does

not direct and control the activities of LiveVox.    LiveVox is separate company that provides an

off-site predictive dialer DCI uses to make all DCI phone calls. (Pye Tr. at 21:12-22:6).  Every

call DCI makes is made through the LiveVox system.  *Id*. at 26:16.  DCI decides which numbers

are to be called and LiveVox makes the calls however DCI tells it to. *Id*. 22:13-23:3.  Further, the

---

[2] The Pye Declaration and its Exhibit, submitted by DCI in the matter <u>Echevvaria v. Diversified Consultants, Inc.</u>, No. 17, 13-cv-04980-LAK (S.D.N.Y.), is submitted as <u>Exhibit C</u> to the Lemberg Declaration.

Rafal Aff. is not admissible evidence.

14.     Disagree.  The LiveVox Memo states that LiveVox is "able to store or produce telephone numbers to be called." (January 6, 2014, Pye Declaration).  DCI's Rule 30(b)(6) witness testified that the LiveVox system has the capacity to store telephone numbers and dial sequentially. (Pye Tr. at 80:11-13 & 24-25; 89:17-24).  Further, the Rafal Aff. is not admissible evidence.

15.     Disagree.  The Rafal Aff. is not admissible evidence.

16.     Disagree. The Rafal Aff. is not admissible evidence.

17.     Disagree. The Rafal Aff. is not admissible evidence.

18.     Disagree. The Rafal Aff. is not admissible evidence.

19.     Disagree. The Rafal Aff. is not admissible evidence.  Further, DCI loads numbers obtained from Innovis, not its client, into the LiveVox system. *See* number 11, *supra*.

20.     Disagree.  First, the LiveVox system has the capacity to store and dial numbers sequentially. (Pye Tr. at 80:11-13 & 24-25; 89:17-24).  Second, by "strategically" DCI means "predicatively." *Id.* at 22:5-6. Plaintiff agrees that the LiveVox system is a predictive dialer. Further, the Rafal Aff. is not admissible evidence.

21.     Disagree. DCI obtained Plaintiff's number from Innovis, not DCI's client, and loaded that number into the LiveVox system. *See* number 11 *supra*.  Further, the Rafal Aff. is not admissible evidence.

22.     Disagree.  The Rafal Aff. is not admissible evidence.

23.     Disagree.  The Rafal Aff. is not admissible evidence.

24.     Disagree.  The Rafal Aff. is not admissible evidence.

25.     Disagree.  The Rafal Aff. is not admissible evidence.

26.     Disagree.  DCI has produced a "list of every call that LiveVox made" to the 8596 number (the "Dial List"). *Id*. at 31:1-8 (deposition Exhibit 5).[3] The Dial List shows sixty (60) calls to the 8596 number between August 1, 2012, and November 15, 2012. (Exhibit D). The Dial List shows five (5) inbound calls from the 8596 number. (Pye Tr. 35:12-18; Exhibit D August 9th, September 5th, and three on November 15th).  Further, the Rafal Aff. is not admissible evidence.

27.     Agree.

### Plaintiff's Statement of Additional Facts

1.     DCI is a debt collector. (Pye Tr. 17:1-5).[4]

2.     On July 9, 2012, DCI acquired, and called Davis concerning, an account belonging to a "Rosalee Pagan." *Id*. at 25:6-21.

3.     Davis is not Rosalee Pagan, he does not know Rosalee Pagan and had never heard of Rosalee Pagan. (Davis Tr. 16:3-13).[5]

4.     On July 15, 2012, DCI conducted a skip trace with a company called Innovis whom DCI pays to acquire and provide location information and telephone numbers. (Pye Tr. 25:18-26:11).

5.     Innovis provided DCI the telephone number the 8596 number. *Id*.

6.     The 8596 number is Davis' MetroPCS cellular telephone number. (Davis Tr. 15-16).

7.     On August 1, 2012, DCI loaded the 8596 number into the LiveVox system and proceeded to call it. (Pye Tr. 26: 12-18).

---

[3] The Dial List is submitted as Exhibit D to the Lemberg Declaration.
[4] "Pye Tr." refers to the deposition transcript of DCI's Rule 30(b)(6) designee, Mavis-Ann Pye, portions of which are submitted as Exhibit A to the Lemberg Declaration.
[5] "Davis Tr." refers to the deposition transcript of the Plaintiff, portions of which are submitted as Exhibit B to the Lemberg Declaration.

## *The LiveVox System*

8.      Every call DCI makes is made through the LiveVox system. *Id*. at 26:16.

9.      LiveVox is a separate company that provides an off-site predictive dialer DCI uses to make all DCI phone calls. *Id*. at 21:12-22:6.

10.     LiveVox calls based on the information provided by DCI. *Id*. at 62:2-15; 87:3:14.

11.     The Rule 30(b)(6) designee testified "[w]e use a predictive dialer to make phone calls." *Id*. at 22:5-6.

12.     With LiveVox, DCI has the "ability to make millions of phone calls a day," an ability it "needs." *Id*. at 70:25-71:7.

13.     If DCI is making a million calls a day, those phone numbers are placed in files and uploaded to LiveVox by DCI. *Id*. at 73:25-74:5.

14.     "Uploading a campaign or file would be the numbers [DCI] want[s] to call." *Id*. at 81:4-5.

15.     With LiveVox, DCI has "the option to store information or phone numbers into the system, [the] LiveVox system, for up to 30 days." *Id*. at 80:11-13.  LiveVox "has the capacity to obtain - - retain them for up to 30 days." *Id*. at 80:24-25.

16.     LiveVox dials the numbers throughout the day. *Id*. at 62:11-15.

17.     If someone picks up a call, the call is then transferred to a DCI collector. *Id*. at 31:13-24; 57:7-11.

18.     LiveVox also has the capacity to dial sequentially. *Id*. at 89:17-24.

19.     In deciding whether to use the LiveVox system, DCI relied upon, among other things, a memo it received from LiveVox (the "LiveVox Memo"). (January 6, 2014, Pye

Declaration).[6]

20.     The LiveVox Memo sets forth that LiveVox is "able to store or produce numbers to be called." (Exhibit C page 1).

21.     The LiveVox Memo sets forth that a court had ruled that "LiveVox's Application Service is indeed an ATDS that is subject to the TCPA." *Id.*

### *Calls to Davis*

22.     DCI has produced a "list of every call that LiveVox made" to the 8596 number (the "Dial List"). *Id.* at 31:1-8 (deposition Exhibit 5).[7]

23.     The Dial List shows sixty (60) calls to the 8596 number between August 1, 2012, and November 15, 2012. (Exhibit D).

24.     The Dial List shows five (5) inbound calls from the 8596 number. (Pye Tr. 35:12-18; Exhibit D August 9th, September 5th, and three on November 15th).

25.     Davis answered several calls from DCI. (Davis Tr. 22:12-21)

26.     He answered to tell DCI to stop calling him because DCI had the wrong person. *Id.*

27.     DCI ignored the requests to stop calling. *Id.* at 23:6-15.

28.     DCI's representatives were rude and called Plaintiff a "liar." *Id.* at 26:8-23.

### *DCI's Discovery Responses*

29.     Plaintiff's interrogatories number seven and twenty set forth:

> Identify the name, address, and contact information of any person, individual, entity and/or organization hired, employed or retained by You to make outgoing calls to Plaintiff and/or to Plaintiffs Number.

---

[6] The Pye Declaration and its Exhibit, submitted by DCI in the matter Echevvaria v. Diversified Consultants, Inc., No. 17, 13-cv-04980-LAK (S.D.N.Y.), is submitted as Exhibit C to the Lemberg Declaration.
[7] The Dial List is submitted as Exhibit D to the Lemberg Declaration.

****

Identify every contractor or subcontractor hired or retained by you to make outgoing calls to the Plaintiff.

(Int. No. 7 & 20).[8]

30.     DCI's response to both interrogatories was "None." *Id.*

Dated: April 28, 2014

                               Respectfully submitted,

                        By    */s/ Sergei Lemberg*
                              Sergei Lemberg (BBO# 650671)
                              LEMBERG LAW, LLC
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              Attorneys for Plaintiff

---

[8] DCI's Interrogatory Responses are attached as <u>Exhibit E</u> to the Lemberg Declaration.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2014, I electronically filed the foregoing through the CM/ECF system which sent notice of such filing to the following:

John J. O'Connor
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
*Attorney for Defendant*

*/s/ Sergei Lemberg*
Sergei Lemberg
