**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Jamie Davis, | |
| Plaintiff, | Civil Action No.: 1:13-cv-10875-FDS |
| v. | |
| Diversified Consultants, Inc.; and DOES 1-10, inclusive, | |
| Defendants. | |

## MOTION TO STRIKE THE AFFIDAVIT OF RAFAL LESZCZYNSKI

Pursuant to Fed. R. Civ. P. 37(c), Jamie Davis ("Davis"), by and through undersigned counsel, hereby moves the Court to strike the affidavit of Rafal Leszczynski (Doc. No. 31), an undisclosed witness, submitted in support of the Motion for Summary Judgment by Defendant Diversified Consultants, Inc. ("DCI").

Rule 37 authorizes district courts to sanction parties for failure to timely disclose witness; although sanctions can vary depending on the circumstances, "[t]he baseline rule is that 'the required sanction in the ordinary case is mandatory preclusion.'" *Santiago–Diaz v. Laboratorio Clinico Y De Referencia Del Este,* 456 F.3d 272, 276 (1st Cir.2006)(quoting *Lohnes v. Level 3 Commc'ns, Inc.,* 272 F.3d 49, 60 (1st Cir. 2001)); *see* Fed. R. Civ. P. 37(c)(1) (providing that if a party fails to disclose under Rule 26, that "party is not allowed to use that information or witness to supply evidence on a motion"). Where a party produces affidavits of new witnesses in support or opposition to summary judgment, the Court may and should preclude such evidence. *Harriman v. Hancock Cnty.*, 627 F.3d 22, 27-28 (1st Cir. 2010).

Fact discovery ended on March 19, 2014. (Doc. No. 20). Mr. Leszczynski was never disclosed as a witness. Plaintiff's Interrogatory number 19 specifically sought the "name,

position, address and phone number [of] all witness you propose to call at trial." (Exhibit 1). DCI identified Ms. Mavis-Ann Kohn-Pye and Jamie Sullivan. DCI did not identify Mr. Leszczynski or otherwise disclose him as a potential witness.

The submission of Mr. Leszczynski's testimony is especially troubling because it contradicts the sworn deposition testimony of DCI's Rule 30(b)(6) designee, Ms. Pye. For example, Mr. Leszczynski states that he places telephone numbers obtained "from the DCI clients" into the LiveVox system. (Doc. No. 31 ¶ 5). However, Ms. Pye testified that DCI acquired the Plaintiff's telephone number from a third party skip trace company, not DCI's client. (Pye Tr. 25:18-26:11 (excerpts as Exhibit 2)). Mr. Leszczynski swears that "LiveVox, not DCI, makes the calls to debtors." (Doc. No. 31 ¶ 6). However, Ms. Pye testified to the opposite, that LiveVox is the phone system that DCI "use[s] to make the calls" (Pye Tr. 21:12-15).

Moreover, it appears from Mr. Leszczynski's affidavit that he may be speaking to DCI's current practices – as of 2014 – and not what transpired when DCI made its calls to Davis in 2012. Plaintiff cannot tell as DCI did not provide notice that Mr. Leszczynski would serve as a witness. Plaintiff was not provided an opportunity to depose Mr. Leszczynski and discover the basis of his affidavit. Most importantly, Plaintiff has been denied the opportunity to discover why this untimely disclosed witness's affidavit contradicts with the Rule 30(b)(6) designee's sworn deposition testimony.

Because DCI did not disclose the witness it should not be permitted to rely on this surprise, and untested, testimony now. For the foregoing, Plaintiff respectfully requests that the Court strike the Leszczynski affidavit pursuant to Fed. R. Civ. P. 37(c).

Dated: April 28, 2014

                              Respectfully submitted,

                           By   /s/ Sergei Lemberg

                                        Sergei Lemberg (BBO# 650671)  
                                        LEMBERG LAW, LLC  
                                        1100 Summer Street, 3rd Floor  
                                        Stamford, CT 06905  
                                        Telephone: (203) 653-2250  
                                        Facsimile:  (203) 653-3424  
                                        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 28, 2014, I electronically filed the foregoing through the CM/ECF system which sent notice of such filing to the following:

John J. O'Connor
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
*Attorney for Defendant*

                                            */s/ Sergei Lemberg*
                                            Sergei Lemberg