UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMIE DAVIS,

        Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,
AND DOES 1-10, INCLUSIVE,

        Defendants.

CIVIL ACTION NO. 13-10875-FDS

**OPPOSITION OF DIVERSIFIED CONSULTANTS, INC. TO MOTION TO STRIKE LESZCZYNSKI AFFIDAVIT**

        The Plaintiff has moved for an order striking the Affidavit of Rafal Leszczynski filed by the Defendant Diversified Consultants, Inc. ("DCI") in support of its motion for summary judgment. For the following reasons, the Motion to strike is improper and frivolous, and should be denied.

        1.     The Motion is procedurally improper. There was no pre-Motion conference and the Motion includes no certification pursuant to Local Rule 7.1(A)(2). For this reason alone the Court would be justified in denying the Motion.

        2.     In any event, there are no grounds to strike the Leszczynski affidavit. The Plaintiff suggests that DCI improperly withheld the identity of a planned trial witness. Not so. DCI always planned to offer testimony from some employee knowledgeable about its telephone communications. That employee was Jamie Sullivan, its Director of Data Services. DCI identified Sullivan in its disclosures, interrogatory answers, and also during the Rule 30(b)(6) deposition of Mavis Pye on February 28, 2014. Unfortunately for DCI, Sullivan resigned and left the company <u>after</u> the Pye deposition. Leszczynski then took over Sullivan's duties in March

1

2014, and he therefore provided the affidavit now at issue.  (In truth, Plaintiff's counsel learned of Leszczynski's involvement in the matter only days after <u>defense</u> counsel first learned of it.)  Had Sullivan not left the company, the affidavit would have been signed by him.  From the Plaintiff's perspective, the insertion of Leszczynski as a witness changes nothing.

3.  The substitution of Leszczynski for Sullivan does not prejudice the Plaintiff in the least.  Leszczynski is merely swearing to the same essential facts that are known to the corporate entity and that Sullivan would have sworn to.  And these facts were the subject of extensive questioning by plaintiff's counsel of DCI's Rule 30(b)(6) witness, Mavis Pye, during her February deposition.  Thus, whether DCI's witness as to these issues is Sullivan or Leszczynski, the plaintiff is in <u>precisely</u> the same position he was in before. Leszczynski presents no additional or different information.  In the circumstances, the plaintiff's motion and trial preparation are not hindered in the least.  There is no prejudice to the Plaintiff.

4.  Any order striking Leszczynski's affidavit and/or barring Leszczynski from testifying on behalf of DCI at any trial would be grossly inequitable and unfairly prejudicial to DCI.  Such an order would effectively punish DCI for an event over which it had no control -- the sudden departure of a long-time employee.  Basic considerations of fairness require that DCI should be able to substitute Leszczynski in these circumstances.  DCI should be able to present the case that it planned to present all along, and as to which it has provided the plaintiff complete discovery.

For all of the foregoing reasons, the plaintiff's Motion to Strike the Leszczynski affidavit should be denied.

                DIVERSIFIED CONSULTANTS, INC.

                By Its Attorneys,

                /s/ John J. O'Connor
                John J. O'Connor
                BBO # 555251
                PEABODY & ARNOLD LLP
                Federal Reserve Plaza
                600 Atlantic Avenue
                Boston, MA  02210-2261
                (617) 951-2100
                joconnor@peabodyarnold.com

Dated:  May 12, 2014

## **CERTIFICATE OF SERVICE**

      I do hereby certify, that on May 12, 2014, served the within document, by causing a copy thereof, to be sent electronically to the registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF) and paper copies mailed, first class mail, postage prepaid to any non-registered participants in this case.

                                                   /s/ John J. O'Connor

821361_1
15874-97169